JOHN HORACE CLELAND AND CAROL DRENNAN CLELAND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cleland v. Commissioner
Docket No. 16554-89
United States Tax Court
T.C. Memo 1993-589; 1993 Tax Ct. Memo LEXIS 605; 66 T.C.M. (CCH) 1570; December 15, 1993, Filed *605 Decision will be entered for respondent, except as to the additions to tax under section 6659. John Horace Cleland, pro se. For respondent: James R. McCann. DAWSON, GOLDBERG
DAWSON; GOLDBERG
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income taxes, additions to tax, and additional interest as follows: Additions to Tax Additional Interest
Sec.
Sec.
Sec. Sec. Year
Deficiency
6653(a)(1)
6653(a)(2)
6659 6621(c)
1981
$ 8,818
$ 441
[1]
$ 2,645
[2]
1982
8,418
421
[1]
2,525
[2]
1983
2,544
127
[1]1
763
[2]
1984
2,899
145
[1]
870
[2]
1985
1,944
97
[1]
583
[2]
*606 The deficiencies, additions to tax, and additional interest determined by respondent are attributable to petitioners' claimed losses and investment tax credits related to an investment program promoted by Gold Depository and Loan Company, Inc. (GD&L), involving marine dry cargo containers (containers). The issues for decision are whether petitioners are entitled to such losses and credits claimed with respect to their purported purchase of containers, and whether petitioners are liable for the additions to tax for negligence and additional interest under section 6621(c). Respondent conceded that the additions to tax under section 6659 are not applicable if we find that the containers petitioners purportedly purchased did not exist. Some of the facts were stipulated, and the stipulation of facts and attached exhibits are incorporated by this reference. Petitioners resided at Chicago, Illinois, when their petition was filed. GD&L promoted sales and leasing of marine dry cargo containers, offering investors the opportunity to purchase 20-foot and 40-foot containers through its program. Petitioners learned of the GD&L container program in 1984 from their tax return preparer, Earl *607 Lehman, and received a prospectus detailing the tax advantages of the program. On November 17, 1984, John Cleland (petitioner) signed an agreement with GD&L for the purchase of twenty 40-foot and sixty 20-foot containers, for a total purchase price of $ 200,000. He paid $ 10,000 of the purchase price by check. The agreement reflects that the remaining $ 190,000 of the purchase price is to be paid by a loan. Other than the purchase agreement with GD&L, petitioners have no documents showing an indebtedness to GD&L or any other entity for the balance of the purchase price of the containers. We have considered the GD&L container sales and leasing program in other cases, concluding that the containers did not exist, the purported sales transactions were shams, and the program was completely lacking in economic substance. E.g, ; ; . At trial, petitioner acknowledged that he is now "pretty certain" the containers purportedly sold to him by GD&L never existed. On *608 this record, we find that the containers petitioners purportedly purchased did not exist and petitioners had no enforceable obligation to pay $ 190,000 to GD&L or any other entity. Accordingly, petitioners are not entitled to the investment tax credits and depreciation and other deductions, including interest, claimed with respect to the GD&L program. Respondent's determination with respect to the disallowance of petitioners' GD&L losses and credits is sustained. The remaining issues are petitioners' liability for additions to tax for negligence under section 6653 and increased interest on tax-motivated transactions under section 6621(c). Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) imposes an addition to tax in the amount of 50 percent of the interest due on the portion of the underpayment attributable to negligence. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . *609 Respondent's determination that petitioners were negligent is presumed correct, and petitioners bear the burden of proving that they were not negligent. Petitioner has a bachelor of arts degree in journalism and a master's degree in English. Petitioner Carol Drennan Cleland has a bachelor of arts degree in humanities, social sciences, and teaching. Petitioners had made other investments before investing in the GD&L program, but had not previously pursued tax-sheltered investments. Prior to investing in the GD&L program, petitioners had no experience in the marine dry cargo container leasing industry and relied on the promotional materials prepared by GD&L for information about the investment. Petitioners contend that they are not negligent because they relied upon their accountant, to whom they paid an undisclosed amount to involve them in the GD&L program. While there are situations where reliance on expert or professional advice may satisfy the reasonable and prudent person standard, a taxpayer must establish that the person upon whom he or she relied is qualified to give the advice. Further, the taxpayer must show that the adviser had sufficient knowledge of the facts to *610 render a competent opinion. In sum, it must be established that the reliance was reasonable. , affd. , affd. . This petitioners have failed to show. Petitioner stated concerning his accountant's knowledge of the true facts of the GD&L program: "I think he and I were on the same wavelength of just innocent trust." Petitioners admit that they relied in their investment decision on information supplied by the purveyor of the program, and did no independent research into the feasibility of making a profit from the program. Considering the size of petitioners' investment and the proportionately large tax writeoffs, further investigation was mandated. , affg. . The record before us simply does not support a finding that petitioners relied on the advice of competent and unbiased parties. We cannot say that reliance on the advice of an accountant who *611 promoted the program and was apparently not well informed about the underlying facts amounts to reasonable and prudent conduct. Such reliance is not the type of activity which will overcome the addition to tax for negligence or intentional disregard of rules or regulations. ; , affd. without published opinion , affd. sub nom. , affd. sub nom. , affd. without published opinion sub nom. . Petitioners failed to produce evidence to support the substantial losses and credits they claimed with respect to the GD&L container program. Such losses and credits are based in large part on a purported loan for which petitioners admit they signed no note or other document evidencing any indebtedness. Respondent's determinations with respect *612 to the additions to tax for negligence are sustained. Section 6621(c) provides for an interest rate of 120 percent of the rate established under section 6621 if there is a substantial underpayment (an underpayment which exceeds $ 1,000) in any taxable year attributable to one or more "tax motivated transactions". The increased interest rate applies to interest accrued after December 31, 1984, even though the transaction was entered into prior to that date. , affd. without published opinion . We conclude that the GD&L container transactions were tax-motivated transactions, and therefore hold that section 6621(c) is applicable. Petitioners also contend that they should be excused from liability for additions to tax and additional interest because the claims for refund they filed were paid even though respondent knew from her investigation of GD&L that the program was an abusive tax shelter. This argument is without merit. Respondent is not estopped from asserting the deficiencies and additions to tax even though petitioners' requests for refunds *613 had been granted before petitioners' returns were audited. ; , affg. . Similarly, we reject petitioner's contention that respondent was estopped from determining a deficiency in this case by the following language in a letter from the Internal Revenue Service District Director in Chicago to a Member of Congress whom petitioner had contacted concerning his tax refunds: Mr. Cleland's tax returns contain certain tax deductions or credits that are part of a tax shelter examination. Therefore, his claimed refunds will not be issued until the examination of the tax shelter is completed. The examination will be completed as expeditiously as possible. If the examination results in an adjustment to Mr. Cleland's return, he will be afforded the opportunity to exercise his appeal rights. Mr. Cleland will be contacted as soon as the examination is completed.
Petitioner argues that this language and the refunds he subsequently received led him to believe that *614 the GD&L program was legitimate. However, he failed to show that any reliance on these factors was to petitioners' detriment. To the contrary, it appears that the refunds petitioners received were to their benefit. Decision will be entered for respondent, except as to the additions to tax under section 6659. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the deficiency.↩
2. 120 percent of the interest due on the deficiency.↩